# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| **HIROS DAWOOD**, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 15 C 6160 |
| ) | |
| **CHICAGO CARRIAGE CAB CORP.**, an ) | |
| Illinois Corporation; and **ZHILONG ZHANG**, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM ORDER

Chicago Carriage Cab Corp. ("Carriage") has filed its Answer to the personal injury Complaint brought against it and cab driver Zhilong Zhang ("Zhang") by Hiros Dawood ("Dawood"), who seeks to invoke the diversity-of-citizenship branch of federal jurisprudence. This memorandum order is issued sua sponte because of some problematic aspects of that Answer.

Carriage's counsel are not members of the regrettably large group of defense counsel who mistakenly seek to "improve" on the terms of the Fed. R. Civ. P. ("Rule") 8(b)(5) disclaimer by departing from the crystal-clear roadmap it provides for a defendant who or that cannot in good conscience comply with the directive of Rule 8(b)(1)(B) as to a plaintiff's allegation without colliding with counsel's obligation to exercise the good faith, both objective and subjective, mandated by Rule 11(b). Instead Carriage's counsel regularly parrot the language prescribed by

Rule 8(b)(5) throughout the Answer -- though it must be said that the Answer's use of that locution appears ostrichlike in all too many places.[1]

There are, however, at least of couple of instances that clearly seem out of bounds. Thus Answer ¶¶ 12 through 14 stake out the position that Dawood's allegations there "contain[s] a legal conclusion to which no answer is required" -- see App'x ¶ 2 to State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276,278 (N.D. Ill. 2001). And having done that, Carriage's counsel disclaim "knowledge or information sufficient to form a belief" about the Complaint's specifically cited provisions of Chicago's Municipal Code. Come now!

Those paragraphs of the Answer are accordingly stricken, but with leave granted to replead in proper fashion on or before September 28, 2015. And while defense counsel are at it, they ought to take a fresh look at Answer ¶ 34 as well.

Lastly, no charge may be made to Carriage by its counsel for the added work and expense incurred in correcting counsel's errors. Defense counsel are ordered to apprise their client to that effect by letter, with a copy to be transmitted to this Court's chambers as an informational matter (not for filing).

_____
Milton I. Shadur
Senior United States District Judge

Date: September 17, 2015

---

[1] This Court is not of course in a position either to confirm or to dispel that suspicion at this threshold stage of the litigation. All the same, the Answer's overwhelmingly pervasive invocation of Rule 8(b)(5) creates the strong impression that Carriage's counsel have not properly served the cause of notice pleading that should operate on both sides of the "v." sign in federal court litigation.