65197-75-118

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| HIROS DAWOOD,<br><br>      Plaintiff,<br>  v.<br><br>CHICAGO CARRIAGE CAB CORP., an Illinois Corporation; and ZHILONG ZHANG,<br><br>      Defendants. | Case No. 15 C 006160 |

## **MOTION TO DISMISS ZHILONG ZHANG'S**

Defendant, Chicago Carriage Cab Corp., through its attorneys Sara E. Cook, Kristin D. Tauras, Alex Sweis and McKenna Storer, for its Motion to Dismiss Zhilong Zhang, under Rule 4(m) of the Federal Rules of Civil Procedure, states as follows:

1. On July 14, 2015, Plaintiff Hiros Dawood filed a claim against Chicago Carriage Cab Corp. and a taxi cab driver named Zhilong Zhang. Plaintiff alleges that on October 13, 2013, Plaintiff was a pedestrian and Zhilong Zhang was driving a taxi cab that struck him. (Docket No. 1)

2. On July 14, 2015, Plaintiff filed a waiver of service and sent it to Chicago Carriage Cab Corp. (Docket No. 1)

3. Defendant Chicago Carriage Cab Corp. waived service on its own behalf and, thereafter, timely appeared and filed its responsive pleadings. (Docket No. 9, 15-19, 22)

1

4. To date, the Plaintiff has not filed a proof of service for Defendant Zhilong Zhang. Based on information and belief, the Plaintiff has not served the Defendant Zhilong Zhang.

5. More than 120 days have expired since the filing of the Complaint.

6. Under Rule 4(m) of the Federal Rules of Civil Procedure, at the time of the filing the current complaint, the Plaintiff had 120 days in which to serve the Defendant. Rule 4(m) provided that "[i]f a defendant is not served within 120 days after the complaint is filed, the court-on motion or on its own after notice to the plaintiff-must dismiss the action without prejudice against that defendant or order that service be made within a specified time." FED. R. CIV. P. 4(m). The current rule, which went into effect in on December 1, 2015, shortened the time to service to 90 days. FED. R. CIV. P. 4. Regardless of which version of Rule 4(m) applies to the service of the Defendant Zhilong Zhang, a proof of service has not been filed demonstrating service within the dates set forth in Rule 4(m).

7. Under Rule 4(m) dismissal is mandatory unless the plaintiff can show "good cause." See *Del Raine v. Williford*, 32 F.3d 1024, 1030 (7th Cir. 1994); *Powell v. Starwalt*, 866 F.2d 964, 965 (7th Cir. 1989). The plaintiff bears the burden of demonstrating "good cause." See *Bachenski v. Malnati*, 11 F.3d 1371, 1376 (7th Cir. 1993); *Seber v. Unger*, 881 F. Supp. 323, 330 (N.D. Ill. 1995).

8. Under Rule 4(m), the Plaintiff was required to serve the Defendant driver Zhilong Zhang on or before October 14, 2015.

9. Accordingly, the Complaint against Defendant Zhilong Zhang should be dismissed.

Wherefore, Defendant, Chicago Carriage Cab Corp., respectfully requests that the Defendant Zhilong Zhang be dismissed.

                                          Respectfully submitted,

                                          ZHILONG ZHANG

                                          By: /s/ Kristin Tauras
                                                  Kristin Tauras
                                                  One of His Attorneys

Sara E. Cook, ARDC #3126995
Alexander Sweis, ARDC #6298734
Kristin D. Tauras, ARDC #6216004
McKenna Storer
33 North LaSalle Street, Suite 1400
Chicago, Illinois 60602
312/558-3900